IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CV-105-D

| | |
|---|---|
| HEXION SPECIALTY CHEMICALS, INC., | )<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )    **ORDER**<br>) |
| OAK-BARK CORPORATION, | )<br>)<br>) |
| Defendant. | ) |

On July 1, 2009, Hexion Speciality Chemicals, Inc., ("plaintiff" or "Hexion") sued Oak-Bark Corporation ("defendant" or "Oak-Bark") alleging breach of warranty concerning a 2006 asset purchase agreement ("APA") in which Hexion purchased most of the assets and operations of Oak-Bark's chemical manufacturing plant in Columbus County, North Carolina. Oak-Bark denied breaching the APA. On September 28, 2011, the court granted Oak-Bark's motion for summary judgment and denied Hexion's motion for partial summary judgment [D.E. 82]. On October 12, 2011, Oak-Bark filed a motion for bill of costs and a motion to alter the court's judgment for an award of prejudgment and postjudgment interest, costs, and attorney's fees [D.E. 84–85]. On October 26, 2011, Hexion filed a motion requesting disallowance of Oak-Bark's bill of costs (including attorney's fees) [D.E. 87] and a motion for reconsideration of the summary judgment order [D.E. 90]. As explained below, the court grants in part Oak-Bark's motion for bill of costs, denies Oak-Bark's motion to alter the judgment, grants in part Hexion's motion for disallowance, and denies Hexion's motion for reconsideration.

I.

Oak-Bark's request for prejudgment interest and postjudgment interest is properly classified as a request to amend the court's judgment, and is governed by Rule 59(e) of the Federal Rules of Civil Procedure. See Kosnoski v. Howley, 33 F.3d 376, 378 (4th Cir. 1994); see also Osterneck v.

Ernst & Whinney, 489 U.S. 169, 175 (1989) ("[U]nlike attorney's fees, which at common law were regarded as an element of costs and therefore not part of the merits judgment, . . . interest traditionally has been considered part of the compensation due plaintiff."). A party must file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A court may then grant a Rule 59(e) motion "(1) to accommodate an intervening change in the controlling law[,] (2) to account for new evidence not available at trial[,] or (3) to correct a clear error of law or prevent manifest injustice." EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997) (quotation omitted); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). A party's mere disagreement with a court's ruling does not warrant the court's granting a Rule 59(e) motion. See Hutchinson, 994 F.2d at 1081.

Awarding prejudgment interest is a "matter within the district court's discretion." Maksymchuk v. Frank, 987 F.2d 1072, 1077 (4th Cir. 1993); see United States v. Gregory, 818 F.2d 1114, 1118 (4th Cir. 1987). A court should award prejudgment interest when doing so "serves the legitimate goals of making a party whole, or compensating the injured party for the loss of the use of money he would otherwise have had." Marlen C. Robb & Son Boatyard & Marina, Inc. v. Vessel Bristol, 893 F. Supp. 526, 540 (E.D.N.C. 1994); see EEOC v. Liggett & Myers, Inc., 690 F.2d 1072, 1074 (4th Cir. 1982). "[State] law governs the award of prejudgment interest in a diversity case." Hitachi Credit Am. Corp. v. Signet Bank, 166 F.3d 614, 633 (4th Cir. 1999). Because the parties in this diversity case agree that North Carolina law governs the dispute, the court looks to North Carolina law to determine whether to award prejudgment interest to Oak-Bark.

Section 24-5 of the North Carolina General Statutes provides that "[i]n an action for breach of contract . . . the amount awarded on the contract bears interest from the date of breach." N.C. Gen. Stat. § 24-5(a). Unless the contract provides otherwise, "interest on an award in a contract action . . . shall be at the legal rate." Id. "The legal rate of interest [is] eight percent (8%) per annum for such time as interest may accrue, and no more." N.C. Gen. Stat. § 24-1; see Thomas M. McInnis

2

& Assocs., Inc. v. Hall, 318 N.C. 421, 431, 349 S.E.2d 552, 558 (1986); Barrett Kays & Assocs., P.A. v. Colonial Bldg. Co., Inc. of Raleigh, 129 N.C. App. 525, 529, 500 S.E.2d 108, 111–12 (1998). A party is "entitled to interest from the date of the breach as a matter of law" only after "breach is established." Cap Care Grp., Inc. v. McDonald, 149 N.C. App. 817, 824, 561 S.E.2d 578, 583 (2002).

Oak-Bark bases its request for prejudgment interest on the premise that this court held in its summary judgment order that Hexion breached the APA. In its summary judgment order, however, the court did not hold that Hexion breached the APA, and did not enter a judgment to that effect. Rather, the court held that no rational jury could find that Oak-Bark breached the APA. See Sept. 28, 2011 Order [D.E. 82] 7–27. Accordingly, Oak-Bark is not entitled to prejudgment interest.

Alternatively, even if the court has discretion to award prejudgment interest to Oak-Bark, it declines to do so due to the unique facts of this case. Notably, Oak-Bark has been receiving interest payments on the escrowed funds "since the date they were first deposited upon execution of the APA." Pl.'s Mem. Opp'n Mot. Amend [D.E. 89] 6; cf. Escrow Agreement [D.E. 86-1] §§ 3(b), 5(a).

North Carolina law precludes an award of prejudgment interest when the party seeking the award has already received or been awarded interest on the amount owed. See, e.g., United Cmty. Bank v. McCarthy, No. 1:10-CV-10-RJC-DLH, 2010 WL 2723726, at *2 (W.D.N.C. July 8, 2010) (unpublished); Int'l Harvester Credit Corp. v. Ricks, 16 N.C. App. 491, 496–97, 192 S.E.2d 707, 710 (1972). Thus, an award of prejudgment interest to Oak-Bark is not appropriate.

In opposition to this conclusion, Oak-Bark argues that prejudgment interest calculated at the statutory rate of eight percent is more appropriate than the lower rate provided for in the Escrow Agreement because the purpose of the interest paid pursuant to the Escrow Agreement "was not to make Oak-Bark 'whole' for the lost use of the [e]scrowed [f]unds...." Def.'s Reply [D.E. 94] 6. Essentially, Oak-Bark contends that the interest that it has received on the escrowed funds to this point has not made it whole. See id.

3

Although the interest that Oak-Bark has received pursuant to the Escrow Agreement is not as much as Oak-Bark now seeks pursuant to the statutory rate, it is interest nonetheless. If Oak-Bark desired to receive the benefit of a higher interest rate on the escrowed funds, it should have bargained for such a higher rate in the APA and the Escrow Agreement. It did not. Accordingly, the court declines to award Oak-Bark prejudgment interest.

Oak-Bark also seeks postjudgment interest. "Federal law, rather than state law, governs the calculation of post[]judgment interest in diversity cases." Hitachi, 166 F.3d at 633. Under federal law, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Section 1961 sets forth the method for calculating the relevant interest rate. See id.

Oak-Bark states that it "is entitled to postjudgment interest in accordance with section 1961(a) beginning from the date of the [c]ourt's [j]udgment, as amended, and continuing until the [j]udgment is fully paid and satisfied." Def.'s Mem. Supp. Mot. Amend [D.E. 86] 8. However, the court has not awarded Oak-Bark a "money judgment in a civil case." See 28 U.S.C. § 1961(a). Accordingly, section 1961 does not entitle Oak-Bark to postjudgment interest.

II.

Oak-Bark seeks $47,481.03 in costs. See Def.'s Mot. Bill of Costs [D.E. 84] 1. Postjudgment motions for costs raise "legal issues collateral to the main cause of action" and are therefore not governed by Rule 59(e). Kosnoski, 33 F.3d at 378 (quotation omitted); see Buchanan v. Stanships, Inc., 485 U.S. 265, 268–69 (1988) (per curiam); see also White v. N.H. Dep't of Emp't Sec., 455 U.S. 445, 451–52 (1982). Rather, Rule 54(d)(1) of the Federal Rules of Civil Procedure governs a postjudgment motion for an award of costs. See Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Id. A "prevailing party" is "a party in whose favor judgment is rendered" or "one who has been awarded some relief by the court . . . ." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health &

4

Human Servs., 532 U.S. 598, 602 (2001) (alteration and quotations omitted); see Hanrahan v. Hampton, 446 U.S. 754, 758 (1987) (per curiam). "[T]he rule gives rise to a presumption in favor of an award of costs to the prevailing party." Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994); see Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981). However, a "court has discretion to award or deny costs to the prevailing party." Couram v. S.C. Dep't of Motor Vehicles, 3:10-00001-MBS, 2011 WL 6115509, at *2 (D.S.C. Dec. 8, 2011) (unpublished); see Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441–42 (1987), superseded by statute on other grounds, 42 U.S.C. § 1988; Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 233–34 (1964), overruled on other grounds by Crawford, 482 U.S. 437. A court "must justify its decision to deny costs by articulating some good reason for doing so." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1996) (alteration and quotation omitted); see Teague, 35 F.3d at 996. A court may deny an award of costs when "there would be an element of injustice in a presumptive cost award." Cherry, 186 F.3d at 446; see Delta Air Lines, 450 U.S. at 355 n.14.

When an award of costs to the prevailing party is appropriate, the court looks to federal law to determine the scope of the award. See Crawford, 482 U.S. 441–43. Section 1920 of Title 28 of the United States Code lists the costs which may be taxed in a bill of costs in favor of a prevailing party. See 28 U.S.C. § 1920; see also Crawford, 482 U.S. at 441 ("[Section] 1920 defines the term 'costs' as used in Rule 54(d)."). Taxable costs under section 1920 are:

> (1) [f]ees of the clerk and marshal; (2) [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) [f]ees and disbursements for printing and witnesses; (4) [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) [d]ocket fees under section 1923 . . . ; (6) [c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services . . . ."

28 U.S.C. § 1920.

In Crawford, the Court held that the list in section 1920 is exhaustive as to "expenses that a federal court may tax under the discretionary authority found in Rule 54(d)." Crawford, 482 U.S.

5

at 441–42. Accordingly, "Rule 54(d) does not provide authority to tax as costs those expenses not enumerated in [section] 1920." Herold v. Hajoca Corp., 864 F.2d 317, 323 (4th Cir. 1988); see Crawford, 482 U.S. at 441–42. However, "where attorney's fees are expressly authorized by statute ..., the trial court is not limited to Rule 54(d), but, in addition, has authority to include litigation expenses as part of a reasonable attorney's fee." Herold, 864 F.2d at 323 (quotation omitted); see Wheeler v. Durham City Bd. of Educ., 585 F.2d 618, 623 (4th Cir. 1978).

A court's local rules also inform an award of costs. Pursuant to Rule 83 of the Federal Rules of Civil Procedure, "a district court ... may adopt and amend rules governing its practice." See Fed. R. Civ. P. 83(a)(1). Local rules promulgated pursuant to Rule 83 "have the force and effect of law, and are binding upon the parties and the court which promulgated them." Jackson v. Beard, 828 F.2d 1077, 1078 (4th Cir. 1987) (alteration and quotation omitted). "District courts have broad discretion to interpret their local rules .... [and] [o]nly in rare cases will [appellate courts] question the exercise of discretion in connection with the application of ... local rules." Qualls by & through Qualls v. Blue Cross of Cal., Inc., 22 F.3d 839, 842 n.2 (9th Cir. 1994) (quotation omitted). District courts routinely apply local rules regulating the manner in which a party may seek costs, and what costs are recoverable. See, e.g., Couram, 2011 WL 6115509, at *1–3; Bland v. Farifax Cnty., No. 1:10-CV-1030, 2011 WL 5330782, at *5 (E.D. Va. Nov. 7, 2011) (unpublished); Moss v. Spartanburg Cnty. Sch. Dist. No. 7, No. 7:09-1586-HMH, 2011 WL 1870280, at *2 (D.S.C. May 17, 2011) (unpublished); Francisco v. Verizon S., Inc., 272 F.R.D. 436, 445–46 (E.D. Va. 2011). This court has promulgated a local rule governing the taxation of costs. See Local Civ. R. 54.1. Accordingly, this local rule further informs the scope of recoverable costs.

Oak-Bark requests $7,859.45 as reimbursement for "the cost of making copies of ... materials where the copies are necessarily obtained for use in the case." Def.'s Mot. Bill of Costs 1, 3–4. Oak-Bark describes the remainder of its requested costs as "other costs" on the court-provided bill of cost form. See id. The "other costs" that Oak-Bark seeks are (1) $10,271.64 for

6

deposition transcripts, (2) $3,104.13 for travel for depositions and mediation, (3) $20,847.58 for expert fees, (4) $621.26 for shipping/postage, (4) $2,498.32 for computerized legal research, (5) $278.65 for office supplies, and (6) $2,000 for escrow administration fees paid to Wells Fargo. Id. 3–11. Oak-Bark asserts that it is the "prevailing party in this action . . . ," that its requested "[e]xpenses meet the federal and state statutory guidelines[,]" and that "[t]here is no justifiable reason that can be provided by Hexion for not awarding Oak-Bark its [e]xpenses." Def.'s Mem. Supp. Mot. Amend 10.[1]

Hexion concedes that Oak-Bark is the prevailing party, and is therefore is entitled to an award of some of its requested costs. See Pl.'s Mem. Opp'n Mot. Amend 7–8. Hexion, however, argues that most of the costs that Oak-Bark requests are not taxable under section 1920. Id. 8–11.

First, Hexion objects to Oak-Bark's request for $7,859.45 in photocopying expenses. Id. 9–10; see Def.'s Mot. Bill of Costs 3–4. Hexion concedes that "photocopying costs are normally recoverable." Pl.'s Mem. Opp'n Mot. Amend 9–10; see 28 U.S.C. 1920(4); Local Civ. R. 54.1(c)(1)(a). However, Hexion, relying on a line of cases unique to the Seventh Circuit, argues that "multiple courts have held [that] charges for in-house reproduction may not exceed the charges of an outside printshop." Pl.'s Mem. Opp'n Mot. Amend 9 (quotation omitted) (citing Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chi., 38 F.3d 1429, 1441 (7th Cir. 1994); Martin v. United States, 931 F.2d 453, 455 (7th Cir. 1991); Garner v. Whitman, 318 F. Supp. 2d 700, 702–03 (C.D. Ill. 2004)).

The Fourth Circuit has not adopted the Seventh Circuit's unique rule concerning photocopies. Rather, photocopying expenses "are taxable so long as they are necessarily obtained for use in the case." AM Props. v. Town of Chapel Hill, 202 F. Supp. 2d 451, 454–55 (M.D.N.C. 2002). Here, the court finds that the photocopies for which Oak-Bark seeks reimbursement were necessarily

---

[1] To the extent that Oak-Bark seeks costs under North Carolina law or the APA (as opposed to Rule 54 and section 1920), the request lacks merit and is denied.

7

obtained for use in the case. See Def.'s Mot. Bill of Costs, Ex. 1 ("Richardson Aff.") ¶ 4(A); id., Ex. 2 ("Tayloe Aff.") ¶ 5(c). Accordingly, the court awards Oak-Bark's photocopying costs in the amount of $7,859.45.

Next, Hexion objects to Oak-Bark's request for $10,271.64 in reimbursement for deposition transcripts and mediator fees. Pl.'s Mem. Opp'n Mot. Amend 10; see Def.'s Mot. Bill of Costs 3, 5. Hexion argues that mediator fees are not recoverable pursuant to section 1920 or Local Civil Rule 54.1(c)(1)(a). Pl.'s Mem. Opp'n Mot. Amend 10; see AM Props., 202 F. Supp. 2d at 456. Accordingly, Hexion asks the court to reduce this item on Oak-Bark's bill of costs by $1,847.79, which is Oak-Bark's share of the mediator's fees. Pl.'s Mem. Opp'n Mot. Amend 10.

Mediator fees are not recoverable under section 1920 or Local Civil Rule 54.1(c). See 28 U.S.C. § 1920; Local Civil Rule 54.1(c). Therefore, the court denies Oak-Bark's request for $1,847.79 in mediator fees, but does award Oak-Bark $8,423.85 for deposition transcripts.

Next, Hexion argues that Oak-Bark's "[c]ounsel's travel costs associated with the depositions and mediation are not taxable to Hexion." Pl.'s Mem. Opp'n Mot. Amend 10; see 28 U.S.C. § 1920; Local Civil Rule 54.1(c)(1)(a). The court agrees with Hexion. Accordingly, the court denies recovery for these travel costs.

Next, Hexion objects to Oak-Bark's request for $20,847.58 in reimbursement for expert fees. Pl.'s Mem. Opp'n Mot. Amend 10; see Def.'s Mot. Bill of Costs 3, 7. Hexion argues that section 1920(6) "only allows for recovery of court appointed experts, which none of Oak-Bark's experts were." Pl.'s Mem. Opp'n Mot. Amend 10 (quotation omitted); see 28 U.S.C. § 1920(6). Hexion is correct that the court did not appoint any of Oak-Bark's expert witnesses. Accordingly, Oak-Bark may not recover, under section 1920(6), expenses incurred for procuring these experts. See Hansen v. Bradley, 114 F. Supp. 382, 386 (D. Md. 1953) ("Expert ... testimony is very usually compensated by the party calling [the expert] and that would not be a taxable item of expense."). Moreover, Oak-Bark's bill of costs and the supporting exhibits fail to provide information regarding any travel costs

8

for Oak-Bark's expert witnesses. See Def.'s Mot. Bill of Costs, Exs. 1–3; cf. Holmes v. Cessna Aircraft Co., 11 F.3d 63, 64–65 (5th Cir. 1994) (per curiam). Thus, the court declines to award any costs to Oak-Bark associated with its expert witnesses.

Next, Hexion objects to Oak-Bark's request for $621.26 for shipping and postage costs. Pl.'s Mem. Opp'n Mot. Amend 10; see Def.'s Mot. Bill of Costs 3, 8. Such costs are not recoverable under section 1920 or Local Civil Rule 54.1(c). See 28 U.S.C. § 1920; Local Civ. R. 54.1(c); see also Zeuner v. Rare Hospitality Int'l, Inc., 386 F. Supp. 2d 635, 640 (M.D.N.C. 2005). Accordingly, the court denies recovery for this expense.

Next, Hexion argues that Oak-Bark is not entitled to $2,498.32 for computerized legal research. Pl.'s Mem. Opp'n Mot. Amend 10; see Def.'s Mot. Bill of Costs 3, 9. Hexion contends that legal research costs are "more properly listed as a component of attorneys' fees, and . . . therefore [are] not a taxable cost of litigation." Pl.'s Mem. Opp'n Mot. Amend 10.

Legal research costs are not recoverable as costs under section 1920 or Local Civil Rule 54.1(c). See 28 U.S.C. § 1920; Local Civil Rule 54.1(c); accord Attrezzi, LLC v. Maytag Corp., 436 F.3d 32, 43 (1st Cir. 2006); Sorbo v. United Parcel Serv., 432 F.3d 1169, 1180 & n.10 (10th Cir. 2005); U.S. for Use & Benefit of Evergreen Pipeline Constr. Co., Inc. v. Merritt Meridian Constr. Corp., 95 F.3d 153, 173 (2d Cir. 1996); Jones v. Unisys Corp., 54 F.3d 624, 633 (10th Cir. 1994); Haroco, Inc., 38 F.3d at 1440–41; Standley v. Chilhowee R-IV Sch. Dist., 5 F.3d 319, 325 & n.7 (8th Cir. 1993); AM Props., 202 F. Supp. 2d at 455–56; Christian v. Vought Aircraft Indus., Inc., No. 5:09-CV-186-FL, 2010 WL 5477235, at *2 (E.D.N.C. Dec. 29, 2010) (unpublished). Accordingly, the court denies recovery for this expense.

Next, Hexion objects to Oak-Bark's request for $278.65 in costs for office supplies. Pl.'s Mem. Opp'n Mot. Amend 11; see Def.'s Mot. Bill of Costs 3, 10. Office supplies are not recoverable under section 1920 or Local Civil Rule 54.1(c). See 28 U.S.C. § 1920; Local Civ. R. 54.1(c). Thus, the court denies recovery for this expense. See Shlikas v. Sallie Mae, Inc., Civil No.

9

WDQ-06-2106, 2011 WL 5825660, at *2 (D. Md. Nov. 16, 2011) (unpublished); Pharmacy Records v. Nassar, 729 F. Supp. 2d 865, 874 (E.D. Mich. 2010); Heimer v. Osage Cmty. Sch. Dist., No. C04-2014, 2005 WL 2807110, at *5 (N.D. Iowa Oct. 26, 2005) (unpublished); Ass'n for Disabled Ams., Inc. v. Integra Resort Mgmt., Inc., 385 F. Supp. 2d 1272, 1303–04 (M.D. Fla. 2005).

Next, Hexion argues that Oak-Bark cannot recover $2,000 in escrow agent fees. Pl.'s Mem. Opp'n Mot. Amend 11; see Def.'s Mot. Bill of Costs 3, 11. The court agrees. See 28 U.S.C. § 1920; Local Civ. R. 54(c). Accordingly, the court denies recovery for this expense.

In sum, Oak-Bark's recoverable costs are $7,859.45 for copies and $8,423.85 for deposition transcripts. Oak-Bark's requests for other costs are denied.

### III.

Oak-Bark seeks $406,999.95 attorney's fees. See Def.'s Mot. Amend [D.E. 85] 4. Rule 54(d)(2) of the Federal Rules of Civil Procedure requires a party to make "[a] claim for attorney's fees and related nontaxable expenses . . . by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Id. A motion for attorney's fees must (1) "be filed no later than 14 days after the entry of the judgment[,]" (2) "specify the judgment and the statute, rule, or other grounds entitling the movant to the award[,]" (3) "state the amount sought or provide a fair estimate of it[,]" and (4) "disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." See Fed. R. Civ. P. 54(d)(2)(B).

In its motion to amend, Oak-Bark states that the court's order of September 28, 2011, and North Carolina law support an award of $406,999.95 in attorney's fees. Def.'s Mot. Amend 3–4; see Def.'s Mem. Supp. Mot. Amend 11; see also Sept. 28, 2011 Order; N.C. Gen. Stat. §§ 6-21.2, 6-21.5.

Under North Carolina law, "a successful litigant may not recover attorneys' fees, whether as costs or as an item of damages, unless such a recovery is expressly authorized by statute." Stillwell Enters., Inc. v. Interstate Equip. Co., 300 N.C. 286, 289, 266 S.E.2d 812, 814 (1980) ("[T]he non-

10

allowance of counsel fees has prevailed as the policy of this state at least since 1879."); see Nucor Corp. v. Gen. Bearing Corp., 333 N.C. 148, 154, 423 S.E.2d 747, 751 (1992); Hicks v. Albertson, 284 N.C. 236, 239, 200 S.E.2d 40, 42 (1973). A contractual provision obligating one party to pay another party's attorney's fees is not enforceable absent a statutory basis for an award of attorney's fees. Stillwell, 300 N.C. at 289, 266 S.E.2d at 814–15. There are certain equitable exceptions to this rule. See Ehrenhaus v. Baker, 717 S.E.2d 9, 32 (N.C. Ct. App. 2011). Oak-Bark does not contend that this case falls under an exception. See Def.'s Mem. Supp. Mot. Amend 11–13.

Oak-Bark first seeks attorney's fees under section 6-21.2 of the North Carolina General Statutes. Section 6-21.2 states that "[o]bligations to pay attorneys' fees upon any note, conditional sale contract or other evidence of indebtedness . . . shall be valid and enforceable . . . subject to [certain] provisions . . . ." N.C. Gen. Stat. § 6-21.2. "If such note, conditional sale contract or other evidence of indebtedness provides for the payment of reasonable attorneys' fees by the debtor, without specifying any specific percentage, such provision shall be construed to mean fifteen percent (15%) of the 'outstanding balance' owing on said note, contract or other evidence of indebtedness." Id. § 6-21.2(2).

Section 6-21.2 gives a court "limited authority to impose attorneys' fees upon a debtor, otherwise generally prohibited . . . ." Hedgecock Builders Supply Co. of Greensboro v. White, 92 N.C. App. 535, 543, 375 S.E.2d 164, 170 (1989). The statute is remedial in nature, and therefore "should be construed liberally . . . ." Coastal Prod. Credit Ass'n v. Goodson Farms, Inc., 70 N.C. App. 221, 227, 319 S.E.2d 650, 655 (1984); see Stillwell, 300 N.C. at 293, 266 S.E.2d at 817. Accordingly, a court may award fees incurred by an attorney in any action "reasonably related to the collection of the underlying note sued upon . . . ." Coastal Prod., 70 N.C. App. at 227–28, 319 S.E.2d at 655. However, a party seeking fees under section 6-21.2(2) must prove (1) that there is "some written 'evidence of indebtedness' setting out the obligation to pay attorneys' fees in the event the debt is collected through an attorney . . . ." and (2) that the "debtor [was] . . . notified in writing

11

that the attorneys' fees provision [would] be enforced if the outstanding balance [was] not paid within five days." Hedgecock Builders, 92 N.C. App. at 543, 375 S.E.2d at 170. "Evidence of indebtedness" includes "any printed or written instrument, signed or otherwise executed by the obligor(s), which evidences on its face a legally enforceable obligation to pay money." Stillwell, 300 N.C. at 294, 266 S.E.2d at 817.

Oak-Bark argues that "the . . . APA and Escrow Agreement constitute Hexion's 'evidence of indebtedness.'" Def.'s Mem. Supp. Mot. Amend 12. Oak-Bark's argument, however, fails for at least two reasons. First, the APA and the Escrow Agreement are not evidence of Hexion's indebtedness to Oak-Bark. See Lee Cycle Ctr., Inc. v. Wilson Cycle Ctr., Inc., 143 N.C. App. 1, 12–13, 545 S.E.2d 745, 752 (2001). Accordingly, Oak-Bark is not eligible for an award under the statute.

Second, and alternatively, even if the APA and the Escrow Agreement were evidence of Hexion's indebtedness to Oak-Bark, the documents do not impose an independent obligation on Hexion to pay Oak-Bark's attorney's fees in the event that the debt is collected through an attorney. In opposition to this conclusion, Oak-Bark contends that section 11.4 of the APA requires Hexion to pay any attorney's fees incurred by Oak-Bak in litigation connected to the APA or the Escrow Agreement. See Def.'s Mem. Supp. Mot. Amend 13. The cited provision, however, is not that broad. Instead, section 11.4 only requires Hexion to pay Oak-Bark's attorney's fees when such fees "arise from" or are connected with a specific basis for indemnification. See APA [D.E. 52-1] § 11.4. The APA, in turn, imposes specific requirements on a party seeking indemnification from the other party under section 11.4. See APA § 11.7. The record does not reflect that Oak-Bark complied with the APA's indemnification requirements in seeking attorney's fees under section 11.4. Pl.'s Mem. Opp'n Mot. Amend 13. Accordingly, the APA does not give Oak-Bark an enforceable right to attorney's fees for Hexion's alleged breach. Cf. APA §§ 11.4, 11.7. Absent such a right, Oak-Bark

12

may not recover an award under section 6-21.2. See, e.g., Hedgecock Builders, 92 N.C. App. at 543, 375 S.E.2d at 170. Thus, the court declines to award attorney's fees under section 6-21.2.

Oak-Bark also argues that it is entitled to recover attorney's fees from Hexion pursuant to section 6-21.5 of the North Carolina General Statutes. Def.'s Mem. Supp. Mot. Amend 13–16; see N.C. Gen. Stat. § 6-21.5. Section 6-21.5 provides that "[i]n any civil action ... the court, upon motion of the prevailing party, may award a reasonable attorney's fee to the prevailing party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading." N.C. Gen. Stat. § 6-21.5.

"Justiciable issues" under section 6-21.5 are issues "which are real and present as opposed to imagined or fanciful." Sprouse v. N. River Ins. Co., 81 N.C. App. 311, 326, 344 S.E.2d 555, 565 (1986); see Sunamerica Fin. Corp. v. Bonham, 328 N.C. 254, 257, 400 S.E.2d 435, 437 (1991); Free Spirit Aviation, Inc. v. Rutherford Airport Auth., 206 N.C. App. 192, 197–98, 696 S.E.2d 559, 563 (2010). A losing party's pleadings reflect "a complete absence of a justiciable issue" when it "conclusively appear[s] that such issues are absent even giving the losing party's pleadings the indulgent treatment which they receive on motions for summary judgment or to dismiss." Sprouse, 81 N.C. App. at 326, 344 S.E.2d at 565 (quotation omitted); see Free Spirit, 206 N.C. App. at 197–98, 696 S.E.2d at 563.

The purpose of section 6-21.5 is "to discourage frivolous legal action...." Short v. Bryant, 97 N.C. App. 327, 329, 388 S.E.2d 205, 206 (1990); see Persis Nova Constr., Inc. v. Edwards, 195 N.C. App. 55, 66–67, 671 S.E.2d 23, 30 (2009). "[T]hat purpose may not be circumvented by limiting the statute's application to the initial pleadings." Short, 97 N.C. App. at 329, 388 S.E.2d at 206. Accordingly, a court must review "all relevant pleadings and documents to determine whether attorneys' fees should be awarded." Lincoln v. Bueche, 166 N.C. App. 150, 153, 601 S.E.2d 237, 241 (2004); see Barris v. Town of Long Beach, 704 S.E.2d 285, 289 (N.C. Ct. App. 2010).

13

The court has reviewed the entire record. Oak-Bark has not met its burden under section 6-21.5. Thus, the court declines to award attorney's fees to Oak-Bark under section 6-21.5. See, e.g., The Cincinnati Ins. Co. v. Dynamic Dev. Grp., LLC, 336 F. Supp. 2d 552, 566–67 (M.D.N.C. 2004), aff'd, 154 F. App'x 378 (4th Cir. 2005) (per curiam) (unpublished).

IV.

Finally, Hexion asks the court to reconsider its order granting Oak-Bark's motion for summary judgment. See Pl.'s Mot. Reconsideration [D.E. 90]. Essentially, Hexion argues that the court made a clear error of law in analyzing the complaint, the scheduling order, the record, the Federal Rules of Civil Procedure, governing precedent, and the briefs concerning summary judgment. Id.; see Pl.'s Mem. Supp. Mot. Reconsideration [D.E. 91] 2–12. The court disagrees with Hexion's argument and denies the motion for reconsideration.

V.

In sum, the court DENIES Oak-Bark's motion to amend the judgment to add an award of prejudgment interest, postjudgment interest, and attorney's fees [D.E. 85], GRANTS in part Oak-Bark's motion for bill of costs [D.E. 84], AWARDS Oak-Bark $16,283.30 in costs, GRANTS in part Hexion's motion for disallowance of Oak-Bark's bill of costs [D.E. 87], and DENIES Hexion's motion for reconsideration [D.E. 90]. The Clerk of Court shall close the case.

SO ORDERED. This 26 day of June 2012.

JAMES C. DEVER III
Chief United States District Judge